**Appeal No. 14-55473**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**ENTREPRENEUR MEDIA, INC.,**

Plaintiff - Appellee,

v.

**D. NICOLE ENTERPRISES, LLC,**

Defendant,

and

**DUSHAWN THOMAS,**

Defendant – Appellant.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
(SANTA ANA DIVISION)
CASE NO. 8:13-CV-00885-JLS-JPR**

**APPELLEE'S ANSWERING BRIEF**

| | |
|---|---|
| Mark A. Finkelstein (173851) | Lucy Jewett Wheatley |
| JONES DAY | JONES DAY |
| 3161 Michelson Drive, Suite 800 | 51 Louisiana Ave., N.W. |
| Irvine, CA 92612.4408 | Washington, DC 20001-2113 |
| Telephone: +1.949.851.3939 | Telephone: (202) 879-3939 |
| Facsimile: +1.949.553.7539 | Facsimile: (202) 626-1700 |
| E-mail: mafinkelstein@jonesday.com | E-mail: lwheatley@jonesday.com |

Attorneys for Appellee Entrepreneur Media, Inc.

-i-

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Appellee states the following:

Entrepreneur Media, Inc. ("EMI") does not have a publicly held parent corporation, and no publicly held corporation owns 10% or more of the stock in EMI.

# **TABLE OF CONTENTS**

STATEMENT OF JURISDICTION ....................................................................... 1

STATEMENT OF THE ISSUES ............................................................................ 1

STATEMENT OF THE CASE ................................................................................ 2

    A.    The Parties ..................................................................................... 2

    B.    Procedural History ......................................................................... 3

SUMMARY OF THE ARGUMENT ...................................................................... 5

STANDARD OF REVIEW ..................................................................................... 6

ARGUMENT ........................................................................................................... 7

I.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY ALLOWING EMI TO DISMISS ITS CLAIMS AGAINST THOMAS ................ 7

    A.    Thomas Failed to Oppose EMI's Motion to Voluntarily Dismiss Her as a Defendant ................................................................ 7

    B.    Thomas Has Not Articulated Any Legal Prejudice from the Dismissal ........................................................................................ 8

II.    THOMAS' REMAINING ARGUMENTS ARE UNPERSUASIVE ...................... 9

CONCLUSION ...................................................................................................... 11

STATEMENT OF RELATED CASES ................................................................. 12

CERTIFICATE OF COMPLIANCE ..................................................................... 12

# **TABLE OF AUTHORITIES**

Page

**CASES**

*B&B Hardware, Inc. v. Hargis, Indus., Inc.*,
  716 F.3d 1020 (8th Cir. 2013) ...............................................................................11

*Blue Mountain Construction Co. v. Werner*,
  270 F.2d 305 (9th Cir. 1959) ..................................................................................6

*Carter-Wallace, Inc. v. Procter & Gamble Co.*,
  434 F.2d 794 (9th Cir. 1970) ................................................................................11

*Cytosport, Inc. v. Vital Pharms., Inc.*,
  894 F. Supp. 2d 1285 (E.D. Cal. 2012) ................................................................11

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) ..................................................................................7

*Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*,
  109 F.3d 1394 (9th Cir. 1997) ..............................................................................10

*Entrepreneur Media, Inc. v. Smith*,
  279 F.3d 1135 (9th Cir. 2002) ..........................................................................6, 10

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*,
  198 F.3d 1143 (9th Cir. 1999) ..............................................................................10

*Fjelstad v. American Honda Motor Co.*,
  762 F.2d 1334 (9th Cir. 1985) ................................................................................7

*Hydranautics v. FilmTec Corp.*,
  70 F.3d 533 (9th Cir. 1995) ............................................................................10, 11

*Novato Fire Protection District v. U.S.*,
  181 F.3d 1135 (9th Cir. 1999) ..............................................................................10

*Sams v. Beech Aircraft Corp.*,
    625 F.2d 273 (9th Cir. 1980) ..................................................................................6

*Smith v. Lenches*,
    263 F.3d 972 (9th Cir. 2001) ...............................................................................8, 9

*United States v. Rahm*,
    993 F.2d 1405 (9th Cir. 1993) ..................................................................................6

*Walsh v. Nevada Department of Human Resources*,
    471 F.3d 1033 (9th Cir. 2006) ...........................................................................9, 10

*Westlands Water Dist. v. United States*,
    100 F.3d 94 (9th Cir. 1996) .....................................................................................8

*Whittaker Corp. v. Execuair Corp.*,
    953 F.2d 510 (9th Cir. 1992) .............................................................................9, 10

**STATUTES**

15 U.S.C. § 1114 ...........................................................................................................3

15 U.S.C. § 1121(a) .......................................................................................................1

15 U.S.C. § 1125 ...........................................................................................................3

28 U.S.C. § 753(f) .........................................................................................................5

28 U.S.C. § 1291 ...........................................................................................................1

28 U.S.C. §§ 1331 et seq. ..............................................................................................1

28 U.S.C. § 1915(a) ......................................................................................................5

Cal. Bus. & Prof. Code § 17200, *et seq*. .....................................................................3

**OTHER AUTHORITIES**

Central District of California Local Rule 7-12 .........................................................3, 7

Fed. R. App. P. 32(a)(7) ..............................................................................................12

Fed. R. Civ. P. 54(b) ..................................................................................................4

Fed. R. Civ. P. 41(a)(2) ..............................................................................4, 5, 6, 8

Ninth Circuit Rule 28-2.6 ......................................................................................12

Ninth Circuit Rule 32-1 ........................................................................................12

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over the underlying trademark and related claims under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

This Court has jurisdiction pursuant to 28 U.S.C. § 1291, as the District Court issued orders granting a voluntary dismissal of the case against Appellant DuShawn Thomas ("Thomas") and default judgment and final judgment against D. Nicole Enterprises on February 20, 2014. ER2-4. Thomas filed a notice of appeal on March 21, 2014. ER1. D. Nicole Enterprises has not appealed.

## STATEMENT OF THE ISSUES

1. Whether the District Court abused its discretion in permitting EMI to voluntarily dismiss its claims against Thomas, when Thomas failed to oppose EMI's request for dismissal and has not articulated any legal prejudice resulting from that dismissal.

2. Whether Thomas, acting on her own behalf, is permitted to assert other arguments about the merits of EMI's claims in this case, including the claim that EMI's trademark is generic, which claim this Court has already rejected in a prior lawsuit involving the ENTREPRENEUR mark.

## STATEMENT OF THE CASE

### A. The Parties

Appellee EMI is a California corporation that has continuously used the ENTREPRENEUR trademark in connection with its magazine since 1978, and uses the ENTREPRENEUR mark on its website, which may be accessed at the domain name entrepreneur.com. ER5-6, ER26-27. EMI's magazine and website offer content for business owners and aspiring business owners, including success stories and advice. ER6. A section of EMI's site, www.womenentrepeneurs.com, features content designed for and focused on women entrepreneurs. ER6.

Appellant DuShawn Thomas is the owner and principal of D. Nicole Enterprises, LLC. ER6, ER25-26 ¶¶6-7, ER65 ¶¶6-7. D. Nicole Enterprises applied for a U.S. federal trademark registration for the mark ENTREPRENEURESS. ER30 ¶21, ER64-65 ¶21. After that application was filed, on November 7, 2012, EMI sent Thomas a letter advising her of EMI's trademark rights, and requesting that D. Nicole Enterprises withdraw its trademark application. ER6, ER31 ¶25, ER66 ¶25. Sometime after receiving this letter from EMI, D. Nicole registered the domain <entrepreneuressmag.com> and began publishing an online magazine entitled "Entrepreneuress" on the website. ER6, ER31 ¶26, ER108.

### B. Procedural History

On June 11, 2013, EMI filed a Complaint against D. Nicole Enterprises and Thomas, asserting five causes of action: (1) federal trademark infringement (15 U.S.C. § 1114); (2) false designation of origin (15 U.S.C. § 1125); (3) cyberpiracy (15 U.S.C. § 1125(d)); (4) unfair competition (Cal. Bus. & Prof. Code § 17200, *et seq.*); and (5) common law trademark infringement. ER24. On July 3, 2013, D. Nicole Enterprises and Thomas filed an Answer and Counterclaim, signed by Thomas appearing in *pro per*. ER64, ER71. On July 29, 2013, EMI filed a Motion to Dismiss the Counterclaim and Motion to Strike the Answer of D. Nicole Enterprises. ER150. EMI served its motion on the Defendants. ER73-74. Neither Thomas nor D. Nicole Enterprises filed an opposition to EMI's motion. ER75-76, ER77.

On August 30, 2013, the District Court granted EMI's motion. The motion to strike D. Nicole Enterprise's Answer was granted because D. Nicole Enterprises, as a limited liability company, could not appear in federal court without counsel. ER77-79. In granting the motion, the District Court explained that, under Central District of California Local Rule 7-12, "failing to respond to a motion consents to the Court granting a motion to dismiss without considering the merits." ER78. The District Court required D. Nicole Enterprises to retain counsel within twenty-one days, and to file an answer within thirty days. ER79.

D. Nicole Enterprises neither retained counsel nor filed an answer, and on October 2, 2013, a default was entered against D. Nicole Enterprises. ER113. On October 18, 2013, EMI moved for default judgment against D. Nicole Enterprises. ER80-ER109. Thomas and D. Nicole Enterprises were served with a copy of the motion. ER110-112. Neither D. Nicole Enterprises nor Thomas filed an opposition to EMI's motion. ER151-52. On November 25, 2013, the Court issued an order denying without prejudice EMI's motion for default judgment against D. Nicole Enterprises, on the ground that, under Fed. R. Civ. P. 54(b), a default judgment against D. Nicole Enterprises would require the court to decide the merits of claims pending against Thomas. ER113-114.

On January 6, 2014, EMI filed a motion for an order granting a voluntary dismissal of EMI's claims against Thomas under Federal Rule of Civil Procedure 41(a)(2) and default judgment against D. Nicole Enterprises. ER115. D. Nicole Enterprises and Thomas were served with a copy of the motion. ER143-145. Neither Thomas nor D. Nicole Enterprises served or filed an opposition to the motion. ER146-147. On February 20, 2014, the Court granted EMI's motion to voluntarily dismiss the case against Thomas and granted the motion for default judgment against D. Nicole Enterprises. ER5-18.

On March 21, 2014, Thomas filed a notice of appeal with respect to the voluntary dismissal of the case against her. ER1. Thomas also filed a motion to

appeal *in forma pauperis*. ER153. On April 1, 2014, the District Court denied Thomas' motion to appeal *in forma pauperis* and certified that the proposed appeal was not taken in good faith under 28 U.S.C. § 1915(a), and was frivolous, without merit, and did not present a substantial question within the meaning of 28 U.S.C. § 753(f). ER148.

## SUMMARY OF THE ARGUMENT

The District Court did not abuse its discretion in dismissing EMI's complaint against Thomas. Thomas failed to oppose EMI's request for voluntary dismissal under Rule 41(a)(2) and, even had Thomas opposed, the request should have been granted. Indeed, Thomas fails to articulate any "plain legal prejudice" she sustained based on this dismissal. While she summarily claims—without any elaboration or support—that the default entered against D. Nicole Enterprises, LLC caused her to sustain "extraordinary damages," Thomas fails to cite any plain legal prejudice. Nor can she. The dismissal removed her from the case, and spared her the possibility of a direct judgment against her personally.

Thomas' other arguments should be rejected. Indeed, if the Court finds that Thomas was properly dismissed from the case, she cannot, acting on her own behalf, advance any arguments on the merits. Instead, it appears that Thomas is attempting to advance arguments on behalf of D. Nicole Enterprises, which is also

improper, given the fact that a default judgment has already been entered against that defendant and given that D. Nicole Enterprises has not filed an appeal.

Moreover, this Court has already ruled that EMI's mark is not generic. In *Entrepreneur Media, Inc. v. Smith*, this Court stated: "'ENTREPRENEUR' does not state the general name of EMI's product - a magazine - and therefore does not fit within the generic category." 279 F.3d 1135, 1141 (9th Cir. 2002).

Finally, enforcing a trademark under the Lanham Act does not violate the First Amendment or the antitrust laws.

## **STANDARD OF REVIEW**

The Court reviews a grant of a dismissal under Rule 41(a)(2) for abuse of discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) ("A Rule 41(a)(2) motion is addressed to the sound discretion of the district court, and its order is not subject to reversal unless the district court abused its discretion.") (*citing Blue Mountain Construction Co. v. Werner*, 270 F.2d 305 (9th Cir. 1959), *cert. denied*, 361 U.S. 931, 80 S. Ct. 371, 4 L. Ed. 2d 354 (1960)). The district court abuses its discretion when "it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *United States v. Rahm*, 993 F.2d 1405, 1410 (9th Cir. 1993). A reversal for abuse of discretion requires "a definite and firm conviction that the court below committed a clear error of

judgment in the conclusion it reached upon a weighing of the relevant factors."

*Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir. 1985).

## ARGUMENT

### I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY ALLOWING EMI TO DISMISS ITS CLAIMS AGAINST THOMAS

#### A. Thomas Failed to Oppose EMI's Motion to Voluntarily Dismiss Her as a Defendant

Thomas does not deny that she received EMI's Motion for Default Judgment against D. Nicole Enterprises, nor does she deny that she understood that the default motion also requested that EMI's claims against Thomas be voluntarily dismissed. *See* ER143-145. Thomas admittedly did not file any opposition to that motion. *See* ER146-147; App. Br. at 2-3. Central District of California Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." Thus, under Local Rule 7-12, the District Court was entitled to view Thomas' actions as consent to EMI's motion. Indeed, the District Court had previously cited Local Rule 7-12 when Thomas failed to oppose EMI's motion to dismiss Thomas' counterclaims. ER77-79.

In her opening brief, Thomas cites to a single email, dated December 2, 2013, as evidence that she intended to defend herself against EMI's allegations. App. Br. at 3. Citation to an email not in the record is improper. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("On appeal, reliance on materials that

are not in the record is, of course, improper."). Further, an email to opposing counsel refusing to *consent* to a voluntary dismissal does not indicate that Thomas would necessarily oppose a later-filed *motion* for a dismissal, nor does that email justify Thomas' failure to timely file an opposition to EMI's motion. Indeed, EMI's motion was not filed until January 6, 2014, nearly a month after Thomas' email, and Thomas cites no communication after EMI's motion was filed to justify her failure to oppose that motion. EMI accurately represented to the District Court that Defendants did not file or serve any opposition to EMI's motion, and did not request any extension of time to oppose. ER146-147.

### B. Thomas Has Not Articulated Any Legal Prejudice from the Dismissal

A District Court should grant a request for voluntary dismissal under Rule 41(a)(2) unless the "defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id*. (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

Thomas has never articulated any "plain legal prejudice" resulting from the dismissal. In her opening brief, she argues that the dismissal allowed the Court to grant the default judgment against D. Nicole Enterprises, which will cause her unspecified "extraordinary damages." App. Br. at 4.

The District Court initially refused to grant a default while Thomas was still in the case, because it would require the Court to decide the merits of the claim against Thomas. But with no claim against Thomas, the Court could move forward with the default against D. Nicole Enterprises. Although this dismissal might have indirectly harmed Thomas, through her ownership of D. Nicole Enterprises, this is not prejudice to any legal interest or legal claim. *Smith*, 263 F.3d at 976 ("Legal prejudice does not result merely because . . . a plaintiff would gain a tactical advantage by that dismissal."). Indeed, EMI was never required to assert claims against Thomas individually, and was entitled to dismiss them.

## II. THOMAS' REMAINING ARGUMENTS ARE UNPERSUASIVE

In her opening brief, Thomas also makes several arguments on the merits—that EMI's mark is generic, that the PTO allowed the mark ENTREPRENEURESS, and that Thomas' First Amendment Rights have been violated. These arguments are misplaced and are not relevant to this appeal. Thomas has not been found to have infringed anything. Instead, the claims against her have been voluntarily dismissed.

Further, because Thomas did not present any of these issues to the District Court, she cannot now do so for the first time on appeal. *Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Issues not presented to a district court generally cannot be heard on appeal.") (*citing Whittaker Corp. v.*

*Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992)); *Novato Fire Protection District v. U.S.*, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999) (holding failure to raise issue in briefing before district court waived right to do so on appeal).[1]

In addition, Thomas' positions are wrong. First, EMI's mark for ENTREPRENEUR has already been found not to be generic. *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1141 (9th Cir. 2002). This decision was correct, as "entrepreneur" is not a generic term for "magazines." *See Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1147 (9th Cir. 1999) (holding that as applied to products or services in a registration, a valid trademark answers the questions "Who are you?" or "Who vouches for you?," while a generic name answers the question "What are you?). Second, the First Amendment does not bar actions for trademark infringement under the Lanham Act, nor does Thomas identify any facts which show that bringing the action was a violation of the Sherman Act. *See Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403 n.11 (9th Cir. 1997) (rejecting claim that enjoining trademark infringement violated First Amendment); *Hydranautics v. FilmTec Corp.*, 70 F.3d

---

[1] That Thomas may have raised some of these arguments in her Answer or dismissed Counterclaims (Thomas did not oppose dismissal) does not prevent waiver. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding "[a] plaintiff who makes a claim for . . . relief in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim, and cannot raise it on appeal").

533, 537 (9th Cir. 1995) (holding that bringing a lawsuit could not violate antitrust laws unless lawsuit was objectively baseless). Thomas cites no support to the contrary. And the fact that the PTO allowed the mark ENTREPRENEURESS does not bar this action. *See Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 801-802 (9th Cir. 1970) (finding that the USPTO determination is inconclusive because it is made at the lowest administrative level and without all of the available evidence); *Cytosport, Inc. v. Vital Pharms., Inc.*, 894 F. Supp. 2d 1285, 1299 (E.D. Cal. 2012) (holding that USPTO determination that there was no likelihood of confusion with mark and other marks was not dispositive because did not consider all available evidence, such as how marks appeared in marketplace); *B&B Hardware, Inc. v. Hargis, Indus., Inc.*, 716 F.3d 1020, 1026 (8th Cir. 2013) ("application of issue preclusion in this case is not appropriate, as the TTAB in denying registration did not decide the same likelihood-of-confusion issues presented to the district court in this infringement action.").

## **CONCLUSION**

The District Court did not abuse its discretion in permitting EMI to voluntarily dismiss its claims against Thomas. Its Judgment should be affirmed.

Dated: November 3, 2014　　　　　　　　JONES DAY

　　　　　　　　　　　　　　　　　　By: *s/ Mark A. Finkelstein*
　　　　　　　　　　　　　　　　　　　　Mark A. Finkelstein

　　　　　　　　　　　　　　　　　　Attorneys for Appellee

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, the undersigned counsel of record for Plaintiff-Appellee Entrepreneur Media, Inc. hereby certifies that, to Appellee's knowledge, there are no related cases pending in this Court.

Dated: November 3, 2014            JONES DAY

By: *s/ Mark A. Finkelstein*
Mark A. Finkelstein

Attorneys for Appellee

## CERTIFICATE OF COMPLIANCE

I certify under Ninth Circuit Rule 32-1 that this brief complies with the type volume limitation in Fed. R. App. P., Rule 32(a)(7), in that the brief uses a proportionally spaced 14-point Times New Roman font, and contains 3,106 words.

Dated: November 3, 2014            Respectfully submitted,

JONES DAY

By: *s/ Mark A. Finkelstein*
Mark A. Finkelstein

Attorneys for Appellee

IRI-360068467v1

| | |
|---|---|
| 9th Circuit Case Number(s) | 14-55473 |

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____ .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Nov 3, 2014 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

```
DuShawn N. Thomas
1849 west 89th Street
Los Angeles, California 90047
```

Signature (use "s/" format)   s/ Lucy Jewett Wheatley